MEISENHEIMER *v.* KENT CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF — SETTLEMENT — BOND FOR COSTS — COURT RULES.

Court did not have authority under Court Rule No. 58, § 2 (1931), to require that bond for costs be given as a condition precedent to settlement of bill of exceptions.

2. Appeal and Error—Time for Perfecting Appeal.
   Party who has been prevented from perfecting appeal within one year is granted extension of 90 days within which to do so on motion made therefor in Supreme Court.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 10, 1934. (Calendar No. 37,800.) Decided April 26, 1934.

Mandamus by Ed Meisenheimer, as next friend of Evelyn Fortier, to compel Willis B. Perkins, Kent circuit judge, to settle bill of exceptions without requiring security for costs. Submitted April 10, 1934. (Calendar No. 37,800.) Writ granted April 26, 1934.

*Dunham & Sherk,* for plaintiff.

*Fred P. Geib,* for defendant.

Potter, J. November 22, 1931, plaintiff was injured in an automobile accident. June 9, 1932, by her next friend, she began suit against Rosena and Denton S. Pullen. This case was tried April 6, 10 and 11, 1933, when judgment was entered for defendants therein. April 15, 1933, motion was made by plaintiff for a new trial which was denied April 29, 1933. May 1, 1933, a claim of appeal by plaintiff was filed and served on the circuit court stenographer, and on the same day an order was entered extending the time to settle a bill of exceptions 60 days. January 22, 1934, the clerk's fee was paid; February 8, 1934, a transcript of the testimony was filed; February 12, 1934, plaintiff's proposed bill of exceptions was filed and served. February 17, 1934, Rosena and Denton S. Pullen's objections to the settlement of the bill of exceptions

were filed. February 19, 1934, their objections to settling and signing the proposed bill of exceptions were heard, and, on the same day, the objections to the settlement of the bill of exceptions were overruled, and the motion to dismiss the appeal denied upon condition plaintiff file a bond in the penal sum of. $200, conditioned to pay all costs which had accrued or which should accrue therein. The order provided that if such bond was not given within 30 days the objections to the bill of exceptions would be sustained. February 20, 1934, an application for leave to appeal was made to this court. It is conceded by counsel this case is governed by the rules of 1931, although it involves only procedural matters and is properly governed by the present rules, after they took effect. Motion is also made indicating appellant has been prevented from perfecting an appeal within one year, and asking this court to make an order extending the time for perfecting appeal, not exceeding six months.

It is sought to justify the requirement of a bond under Court Rule No. 58, § 2 (1931). Under Court Rule No. 58, § 2 (1931), the. court did not have the authority to impose the giving of a bond for costs as a condition to the settlement of the bill of exceptions. The bill of exceptions should be settled and plaintiff should have a reasonable time within which to perfect the appeal. Mandamus may issue if necessary. Plaintiff may have 90 days within which to perfect the appeal.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.